IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-10-74-JHP |
| | ) | |
| MARK ANTHONY STOWERS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

On December 23, 2010, Defendant Mark Anthony Stowers ("Stowers") pled guilty to one count of possession of child pornography pursuant to 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2). Docket No. 32. According to the Presentence Report, Stowers' "computer contained 1,697 image [*sic*] and 40 video files, which depicted minors engaged in sexually explicit conduct." Presentence Report ¶ 10. Six of the children depicted in those images and/or videos have been identified. *Id.* ¶ 11. One of those six children is "Amy,"[1] who has petitioned this court for restitution in the amount of $3,367,854 pursuant to 18 U.S.C. § 2259, known as the Mandatory Restitution for Sex Crimes section of the Violence Against Women Act of 1994. Amy has requested similar amounts be entered against a number of defendants in district courts across the United States. There has been little uniformity in how district courts have responded to these or similar restitution requests from victims of child pornography; some courts have completely denied restitution and others have ordered varying amounts of restitution, ranging

---

[1] "Amy" is a pseudonym for the woman who was abused by her uncle as a child, the record of which has become a "widely broadcast set of photos" known as the "Misty Series" of child pornography. *See In re Amy Unknown*, 636 F.3d 190, 192 (5th Cir. 2011). The National Center for Missing and Exploited Children "reports that its analysts have identified over 35,000 images of Amy's abuse among the evidence in over 3,200 child pornography cases since 1998." *Id.* at 193.

1

from $100 to over $3.6 million dollars.[2] The circuit courts have likewise split on the issue of when restitution is properly ordered for victims of child pornography by defendants whose only crime is the transportation, reception, and/or possession of illegal child abuse images depicting those victims.[3]

DISCUSSION

"Federal courts possess no inherent authority to order restitution and may only do so as explicitly empowered by statute." United States v. Nichols, 169 F.3d 1255, 1278 (10th Cir.) (quotation omitted), *cert denied*, 528 U.S. 934 (1999). The authorizing statute at issue in this case is 18 U.S.C. § 2259, which states that restitution is "mandatory" for offenses involving the sexual exploitation of minors. *See* 18 U.S.C. § 2259(a), (b)(4). The mandatory order of

---

[2] *See, e.g.*, United States v. Chow, 760 F.Supp.2d 335, 345 (S.D.N.Y. 2010) (denying restitution request because government had not presented specific evidence tending to prove the losses reasonably attributable to defendant); United States v. Church, 701 F.Supp.2d 814, 835 (W.D.Va. 2010) (holding that victim was harmed "as a result of" defendant's actions, therefore § 2259 required restitution be ordered; subsequently ordering nominal restitution in the amount of $100 because government had failed to provide evidence upon which to base a higher award of restitution); United States v. Scott, No. 2:07-cr-00515-CW-SA (D. Utah Aug. 18, 2010) (ordering restitution in the amount of $219,546.10, pursuant to § 2259), *appeal dismissed*, 410 F.App'x 166, 168 (10th Cir. 2011); United States v. Woods, 689 F.Supp.2d 1102, 1113 (N.D.Iowa 2010) (declining to order restitution under § 2259 because government had not proven "the losses sustained by [the victim] as a result of Defendant's conduct."); United States v. Staples, 2009 WL 2827204, at *4 (S.D. Fla. 2009) (ordering restitution under § 2259 in the amount of $3,680,153.00, to be paid jointly and severally with other defendant convicted of possession with regard to photos of Amy's child abuse).

[3] *See* United States v. Kennedy, --- F.3d ----, 2011 WL 2675918, at *7, *9 (9th Cir.) (holding that § 2259 language required proximate causation, but finding that there was no evidence that defendant, a possessor of Amy's photos, proximately caused victims' harm); United States v. Monzel, 641 F.3d 528, 537, 539-40 (D.C. Cir. 2011) (holding that § 2259 language requires proximate causation, and remanding for district court to order restitution in an amount equal to harm proximately caused by defendant); In re Amy Unknown, 636 F.3d 190, 198 (5th Cir. 2011) (holding that § 2259 language does not require proximate cause; remanding the case for valuation of restitution award); United States v. McDaniel, 631 F.3d 1204, 1209 (11th Cir. 2011) (holding that § 2259 language required proximate cause and finding no clear error in district court's determination that possessor of child pornography proximately caused harm to the victim depicted therein).

2

restitution must "direct the defendant to pay the victim . . . the full amount of the victim's losses . . . ." § 2259(b)(1). The statute defines the term "victim" as "the individual harmed as a result of a commission of a crime under this chapter." § 2259(c). "Full amount of the victim's losses" is broadly defined to include:

> any costs incurred by the victim for—
> (A) medical services relating to physical, psychiatric, or psychological care;
> (B) physical and occupational therapy or rehabilitation;
> (C) necessary transportation, temporary housing, and child care expenses;
> (D) lost income;
> (E) attorneys' fees, as well as other costs incurred; and
> (F) any other losses suffered by the victim as a proximate result of the offense.

§ 2259(b)(3). Courts across the country have interpreted this statute differently, resulting in the wide variance amongst restitution orders and the circuit split on issues of proximate causation previously mentioned.[4]

The majority of circuits that have interpreted § 2259 have found that its language requires the defendant's crime be a proximate cause of the harm suffered by the victim in order for restitution to be granted to the victim, albeit on differing grounds.[5] Persuaded by the reasoning of the Eleventh Circuit in *United States v. McDaniel*[6] and the Ninth Circuit in *United States v.*

---

4     The 10th Circuit has not ruled on the issue of restitution in cases of possession, receipt, and/or transportation of child pornography under § 2259.
5     *See* United States v. Kennedy, --- F.3d ----, 2011 WL 2675918, at *6-*7 (9th Cir. 2011) (citing United States v. Laney, 189 F.3d 954, 965 (9th Cir. 1999)); United States v. Monzel, 641 F.3d 528, 535-37 (D.C. Cir. 2011); United States v. McDaniel, 631 F.3d 1204, 1208-09 (11th Cir. 2011); United States v. Crandon, 173 F.3d 122, 125-26 (3d Cir. 1999). *But see* In re Amy Unknown, 636 F.3d 190, 198-200 (5th Cir. 2011) (holding that § 2259 language does not require proximate cause).
6     631 F.3d at 1208-09.

*Laney*,[7] this court likewise concludes that the § 2259 language requires the defendant's crime be a proximate cause of the victim's harm prior to entering an order of restitution.

Having determined that an order for victim restitution under § 2259 requires proximate cause, the court will utilize a three-prong analysis to determine whether Amy is entitled to restitution from Stowers, the defendant in the instant case. In *United States v. Kennedy*, the Ninth Circuit defined the proper three-prong analysis under § 2259:

> [I]n order to award restitution under § 2259(b)(1), a district court must make three determinations: (1) that the individual seeking restitution is a "victim" of the defendant's offense; (2) that the defendant's offense was a proximate cause of the victim's losses . . . ; and (3) that the losses so caused can be calculated with "some reasonable certainty."[8]

First, the circuit courts that have spoken to this issue have unanimously found that the children depicted in the child pornography possessed, received, and/or transported by defendants are "victims" of those defendants' crimes under § 2259.[9] In support of this finding, courts cite the Supreme Court's *New York v. Ferber*, which acknowledged "that the distribution of child pornography is 'intrinsically related to the sexual abuse of children' because . . . 'the materials produced are a permanent record of the children's participation and the harm to the child is exacerbated by their circulation.'" *McDaniel*, 631 F.3d at 1208 (quoting New York v. Ferber, 458 U.S. 747, 759 (1982)). The *Ferber* Court acknowledged that the victims of child pornography suffered specific harms such as invasion of their individual privacy interests and "emotional and

---

7   189 F.3d at 965.
8   --- F.3d at ----, 2011 WL 2675918 at *7 (internal citations omitted) (citing 18 U.S.C. § 2259(b)(1), (c); *Laney*, 189 F.3d at 965; United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007) for each prong, respectively); *see also* United States v. Julian, 242 F.3d 1245, 1248 (10th Cir. 2001) (stating that "a restitution order must be specific in a dollar amount that is supported by evidence in the record").
9   *See Kennedy*, --- F.3d at ----, 2011 WL 2675918 at *9 (9th Circuit); *Monzel*, 641 F.3d at 537 (noting the government's persuasive argument that "possession of child pornography causes harm to the minors depicted") (D.C. Circuit); *In re Amy*, 636 F.3d at 200-01 (5th Circuit); *McDaniel*, 631 F.3d at 1208 (11th Circuit).

psychic" pain stemming from their knowledge that images of their childhood abuse were being repeatedly viewed. *See Ferber*, 458 U.S. at 758 n.9, 759 n.10. These harms are separate and distinct from the harm caused by the original abuse depicted in the images. *See McDaniel*, 631 F.3d at 1208. The Ninth Circuit held that Amy was a victim when the defendant therein had possessed pornographic images depicting her as a child. *Kennedy*, --- F.3d at ----, 2011 WL 2675918 at *9. The order specifically stated, "Even without evidence that Amy . . . knew about [the defendant's] conduct, the district court could reasonably conclude that Amy . . . [was] 'harmed as a result of [the defendant's] participation in the audience of individuals who viewed the images.'" *Id.* (quoting 18 U.S.C. § 2259(c)). Thus, the first prong of the statutory analysis is met, because Amy is a "victim" of Stowers' crime (possession of child pornography) within the meaning of § 2259(c).

Second, this court finds that Stowers' possession of images depicting Amy's childhood abuse is a proximate cause of Amy's harm. Of the three circuits that have considered the issue of whether a mere possessor, transporter, or receiver of child pornography can be the proximate cause of the harm suffered by the child victim depicted in the pornographic images,[10] the D.C. and Eleventh Circuit decisions demonstrate proximate cause can be established.[11] The fact that

---

[10] Overall, four circuits have considered the application of § 2259 to mere possessors, transporters, or receivers of child pornography. As stated *infra*, the D.C. and Eleventh Circuits found that the defendants of their cases, possessors of child pornography, proximately caused harm to the children depicted therein. *See infra* note 11 and accompanying text. The Ninth Circuit held that for a possessor of child pornography to have proximately caused the victim's harm, the government must produce evidence that the particular defendant's conduct was a "material and proximate cause" of that harm. *Kennedy*, --- F.3d ----, 2011 WL 2675918 at *9-*10 (finding proximate cause had not been proven because the government had "not introduced *any* evidence establishing a causal chain between Kennedy's conduct and the specific losses incurred by Amy . . . ."). The Fifth Circuit did not address *whether* possession could proximately cause a victim's harm because it held that a finding of proximate cause was not necessary under the statute. *See In re Amy Unknown*, 636 F.3d 190, 198-200 (5th Cir. 2011).

[11] *See* United States v. Monzel, 641 F.3d 528, 535, 537, 540 (D.C. Cir. 2011) (after
5

possession of child pornography harms the minors it depicts is well-documented and has been acknowledged by the Supreme Court. As previously noted, the Supreme Court in *Ferber* acknowledged the distinct harm victims of child pornography suffer due to their knowledge that unknown individuals constantly access the digital record of their childhood sexual abuse. *See* New York v. Ferber, 458 U.S. 747, 759 n.10 (1982). The Eleventh Circuit held that proximate cause was established by the testimony of the victim's doctor that the victim was extraordinarily distressed and emotionally traumatized each time she received notification that another individual had possessed images of her childhood abuse. *McDaniel*, 631 F.3d at 1209. The Ninth Circuit recognized that mere possession of child pornography causes harm to the child victims, even if the victims are unaware that the particular defendant possessed and viewed the images. *Kennedy*, --- F.3d ----, 2011 WL 2675918 at *9.

Courts across the country have specifically recognized that Amy is harmed by the mere possession of the images depicting her childhood sexual abuse,[12] and Stowers pled guilty to possessing pornographic images of children, a number of which have been identified as depicting Amy (Docket No. 32; Presentence Report ¶ 11, Attachments). Amy's restitution request in this case demonstrates that she knows Stowers possessed images of her childhood abuse. Stowers' crime directly harmed Amy, and therefore he is a proximate cause of her losses. While there is no doubt that thousands of others have committed the same crime, and thereby have also proximately caused Amy's harm, that cannot negate Stowers' known criminal conduct. § 2259 mandates this court order restitution for the full amount of Amy's losses which are proximately

---

finding that § 2259 required proximate causation of losses for restitution to be entered, subsequently remanding to the district court for a finding on the numerical value of harm proximately caused by the defendant); *McDaniel*, 631 F.3d at 1209.

12 *See, e.g.*, *Kennedy*, --- F.3d ----, 2011 WL 2675918 at *9; *In re Amy Unknown*, 636 F.3d 190, 200-01 (5th Cir. 2011); United States v. Staples, 2009 WL 2827204 at *1, *3 (S.D. Fla.).

caused by Stowers' crime, however slight. As proximate cause has been established in this case, an order of financial restitution of some measurable value shall be ordered.

However, the government has not produced any evidence upon which this court can determine the amount of Amy's losses proximately caused by Stowers. Herein lies the problem: § 2259 mandates this court order restitution, yet its proximate cause limitation also requires this court order no more restitution than proximately caused by the defendant's criminal conduct. *See Monzel*, 641 F.3d at 539.[13] This valuation requirement mirrors the third prong of the § 2259 analysis outlined above.

The Ninth Circuit acknowledged the complex issue of valuation presented by § 2259 in cases involving the possession, receipt, or transportion of child pornography:

> Identifying a method for imposing restitution on defendants convicted of possession, receipt, or transportation offense is not easy. The underlying problem is the structure established by § 2259: it is a poor fit for these types of offenses. . . . [I]t is likely to be a rare case where the government can directly link one defendant's viewing of an image to a particular cost incurred by the victim.

*Kennedy*, --- F.3d ----, 2011 WL 2675918 at *11- *12. Of accord is the D.C. Circuit, observing,

---

13 A number of courts have avoided this valuation issue by ordering individual defendants to pay restitution for the total amount of Amy's loss, typically valued between $3.2 million and $3.6 million, on a joint and several basis with other similarly-situated defendants. *See, e.g.*, *Staples*, 2009 WL 2827204 at * 1, *4. In fact, Amy specifically requests this court order restitution in the of roughly $3.4 million against Stowers, jointly and severally with other defendants convicted in connection with the "Misty Series." Presentence Report Addendum. There is indeed a circuit split on the issue of whether joint and several restitution can be imposed on defendants in separate cases. *See* United States v. Monzel, 641 F.3d 528, 538-39 (D.C. Cir. 2011) (collecting cases). In *United States v. Monzel*, another case involving a restitution request by Amy, the D.C. Circuit declined to order restitution for the total amount of Amy's losses be paid jointly and severally with separate defendants, citing the proximate cause requirement of § 2259 and the general inapplicability of joint and several liability to the particular facts of Amy's restitution request. *Id.* at 537-39; *see also Kennedy*, --- F.3d ----, 2011 WL 2675918 at *11 ("The doctrine of joint and several liability cannot be used to cure a failure of proof on the causal relation between a defendant's conduct and the victim's losses."). The court is persuaded by the D.C. Circuit's analysis of this issue and declines to order restitution on a joint and several basis.

"In a case such as this one, where the harm is ongoing and the number of offenders impossible to pinpoint, such a determination will inevitably involve some degree of approximation." *Monzel*, 641 F.3d at 540. Despite this difficulty in valuing the actual loss proximately caused by each defendant, "[a] district court cannot avoid awarding the 'full amount of the victims losses,' [pursuant to § 2259(b)(1)], simply because the attribution analysis is difficult or the government provides less-than-ideal information. The court must order restitution equal to the amount of harm the government proves the defendant caused the victim." *Id.* at 539-40.

The addendum to the Presentence Report presents evidence demonstrating the total amount of Amy's losses resulting from the continued circulation of the images depicting her childhood abuse. Amy's restitution request provides the with court information from experts estimating the value of Amy's financial loss pursuant to § 2259(b)(3), specifying the value of future medical expenses (§ 2259(b)(3)(A)), lost income (§ 2259(b)(3)(D)), and attorney and expert fees (§ 2259(b)(3)(E)). Yet there is no evidence delineating any method by which the court can reasonably determine[14] the portion of those damages proximately caused by Stowers' conduct alone.

Addressing an identical situation, the D.C. Circuit in *Monzel* suggested the district court "order the government to submit evidence regarding what losses were caused by [the defendant's] possession of Amy's image or . . . order the government to suggest a formula for determining the proper amount of restitution." *Monzel*, 641 F.3d at 540. The court hereby

---

14 "Section 2259 does 'not impose [] a requirement of causation approaching mathematical precision. Rather, the district court's charge is 'to estimate, based upon facts in the record, the amount of [the] victim's loss with some reasonable certainty.'" *Monzel*, 641 F.3d at 540 (citing United States v. Doe, 488 F.3d 1154, 1160 (9th Cir. 2007)) (citation omitted); *see also* United States v. Julian, 242 F.3d 1245, 1248 (10th Cir. 2001) (quoting United States v. Laney, 189 F.3d 954, 967 & n.14) ("Of course, district courts must estimate the amounts that victims will spend on future counseling with reasonable certainty, in accordance with the procedures set forth in 18 U.S.C. § 3664.").

adopts this suggestion as its ORDER. The government is ordered to present evidence upon which the court can base the mandatory order of restitution. In this regard, the D.C. Circuit's further advice to the government is relevant: "The burden is on the government to prove the amount of Amy's losses [the defendant] caused. . . . . We . . . emphasize that in fixing the amount the district court must rely upon some principled method for determining the harm [the defendant] proximately caused." *Id.*[15] The defendant will be provided an opportunity to respond to the government's evidence.

## CONCLUSION

The government is HEREBY ORDERED to present evidence upon which the court can reasonably calculate the value of Amy's loss proximately caused by Stowers' possession of images depicting Amy's childhood abuse, pursuant to 18 U.S.C. § 2259 and this Opinion.

Pursuant to the government's announcement in open court, the government is GRANTED LEAVE to amend the restitution request to incorporate requests from additional victims. The parties are advised that requests made by any additional victims will be assessed in accordance

---

15 Expressing no opinion on how the government should value the loss proximately caused by Stowers' conduct, it brings to the attention of the government various means suggested in caselaw by which valuation may be attained. For example, the Ninth Circuit suggested "that the government could devise a formula by which a victim's aggregate losses could be reasonably divided (for example, by developing a reasonable estimate of the number of defendants that will be proscuted for similar offenses over the victim's lifetime, and dividing the total loss by that amount)." *Kennedy*, --- F.3d ----, 2011 WL 2675918 at *12. The government could also produce direct evidence of the harm caused by defendant, if any exists. *Id.* (quoting United States v. Church, 701 F.Supp.2d 814, 833 (W.D. Va. 2010)) (an example f such direct evidence is "evidence that 'after receiving notification of the [d]efendant's offense, the victim had to attend any additional therapy sessions [or] miss any work'"). Yet another method is utilizing 18 U.S.C. § 2255, which states that in federal civil cases victims of child pornography "shall be deemed to have sustained damages of no less than $150,000 in value". The Ninth Circuit has suggested that a fixed amount per image of child pornography may achieve the goal of valuation under § 2259 (*Kennedy*, --- F.3d ----, 2011 WL 2675918 at *12); though Congress has not directed § 2255 apply in the restitution setting, perhaps it could serve as a useful guidepost.

with this Opinion.

This case is HEREBY SET FOR STATUS CONFERENCE on July 26, 2011 at 2:00 p.m., where these issues will be discussed and a date will be set for a final hearing on the issue of victim restitution pursuant to 18 U.S.C. § 2259.

IT IS SO ORDERED this 22nd day of July, 2011.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma